

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2647
Re: Appropriations—Court
Reporters.

Your request for opinion has been received and carefully considered by this department. We quote from your letter as follows:

"Section 6, Article 760, Code of Criminal Procedure closes as follows:

"'For each said service he shall be paid by the State of Texas, upon the certificate of the trial judge, one-half of the rate provided by law in civil cases.'

"The appropriation bill, as passed by the Forty-Sixth Legislature, provides as follows:

"'Transcript fees to official court reporter where court appoints attorney to represent defendant in criminal action.'

"I will appreciate your advice as to whether or not official court reporters should be paid from this appropriation when the defendant files the necessary pauper's affidavit, but where attorney is not appointed by the court."

Section 6 of Article 760, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"When defendant cannot pay.--When any felony case is appealed and the defendant is not able to pay for a transcript of the testimony

or give security therefor, he may make affidavit of such fact, and upon the making of such affidavit, the court shall order the official court reporter to make a narrative statement of facts and deliver it to such defendant. In all cases where the court is required to and does appoint an attorney to represent the defendant in a criminal action, such reporter shall be required to furnish the attorney for said defendant, if convicted and where an appeal is prosecuted, with a transcript of his notes. For each said service he shall be paid by the State of Texas, upon the certificate of the trial judge, one-half of the rate provided by law in civil cases."

Subdivision 14 of Appropriations for the Judiciary Section--Comptroller's Department, Vol. II, Acts of the 46th Legislature of Texas, Special Laws, page 461, reads as follows:

"14. Transcript fees to official court Reporters for narrative statement of facts and/or in cases where court is required and does appoint attorney to represent defendant in criminal action, and when official reporter is required and does furnish defendant's attorney with transcript of his notes as is provided by law . . . $1,000.00."

We have been informed by your department that it has been the uniform practice of your office to pay the claims of court reporters for their services as outlined by Section 6 of Article 760, C.C.P., irrespective of whether or not an attorney has been appointed by the court.

In view of the above quoted statute and above quoted section of the appropriation bill, it is the opinion of this department that the departmental construction you have given to this matter is a reasonable and logical construction. It is therefore the opinion of this department that official court reporters should be paid from the above appropriation for their services as outlined by Section 6 of Article 760, C.C.P., supra, regardless of whether or not

Hon. George H. Sheppard, page 3.

an attorney is appointed by the court.

The requirement that an affidavit of inability to pay costs be filed by the defendant in felony cases does not apply in cases where the court is required to and does appoint an attorney for the defendant.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:jm

